IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| UNITED STATES OF AMERICA | ) | Criminal Number 2: 17-cr-0283 |
|---|---|---|
| | ) | |
| | ) | |
| -versus- | ) | **Government's Consent** |
| | ) | **Motion For Continuance** |
| | ) | |
| **ZAKARYIA ABDEL ABDIN** | ) | |

The United States of America, by and through its Assistant United States Attorney, Sean Kittrell, with the consent of the Defendant, moves this Honorable Court for a continuance in this case until the next term of court. The government respectfully requests this continuance on the fact that this is a case which involves classified information, under the Classified Information Procedures Act of 1980, 18 U.S.C. App. III. Sections 1-16 (CIPA). While the government has provided limited discovery in this case, not all of the material has been declassified. It is anticipated that CIPA will also be invoked.

Under the Speedy Trial Act, the government is required to try a defendant within seventy days of indictment, or of arraignment. See Title 18, United States Code, § 3161(c)(1); *United States v. Thomas*, 55 F.3d 144 (4th Cir. 1995). The Defendant was arrested on a Complaint filed on March 31, 2017, which charged a violation of Title 18 United States Code, § 2339B (attempting to provide material support to a foreign terrorist organization). On April 4, 2017, the grand jury returned a single count indictment based on this complaint. The Defendant was arraigned on April 4, 2017

Under the Speedy Trial Act, certain periods of delay are permissible. See Title 18, United States Code, § 3161(h)(1); *United States v. Fields*, 39 F.3d 439 (3rd Cir. 1994). Delays of time attributable to specific events are excluded under the terms of the Act, including the filing of

motions. See Title 18, United States Code, §3161(h)(1)(D); *United States v. Riley*, 991 F.2d 120 (4th Cir. 1993); *United States v. Dourlois*, 107 F.3d 248 (4th Cir. 1997); *Henderson v. United States*, 476 U.S. 321 (1986). In this case, the Defendant filed motions for discovery on April 6, 2017. *United States v. Feurtado*, 191 F.3d 420, 426 (4th Cir. 1999) (various overlapping discovery motions excludable); *United States v. Nesbitt*, 464 F. App'x 89, 90 (4th Cir. 2012) (defendant did not establish a Speedy Trial Act violation as his filing of motions for discovery tolled the time limitations).

Additionally, on June 6, 2017, the Court entered an Order to Continue, which also secures a delay. See Title 18, United States Code, § 3161(h)(7)(A);

Consequently, the clock has been stopped. Further, it is anticipated that the parties will file additional motions relating to CIPA. The Act enumerates several "factors, among others, which a judge shall consider in determining whether to grant" such a continuance. Title 18, United States Code, § 3161(h)(7)(B). Here, because of the classified nature of the discovery in the case and the factors relating to the dissemination of that information, the government that the nature of the prosecution is such that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established…." Title 18, United States Code, § 3161(h)(7)(B)(ii).

Therefore, under the provisions of the Speedy Trial Act of 1974, few days on the speedy trial clock have elapsed. The parties respectfully contend that the ends of justice served by the continuance outweigh the best interests of the public and the defendants in a speedy trial.

WHEREFORE, the government, with the consent of the Defendant, move that this Honorable Court grant the Motion for Continuance as herein requested.

Respectfully Submitted,

BETH DRAKE
UNITED STATES ATTORNEY


By: S/: *Sean Kittrell*
      Sean Kittrell (#6032)
      Assistant United States Attorney
      Violent Crime Task Force
      151 Meeting Street, Suite 200
      Charleston, South Carolina, 29402


Charleston, South Carolina
July 31, 2017