IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 2:17-CR-283 |
| | ) | |
| v. | ) | |
| | ) | **UNDER SEAL** |
| **ZAKARYIA ABDIN** | ) | |
| | ) | |

## MOTION TO SEAL AND MEMORANDUM

Pursuant to Local Court Rule 49.01: *Filing Documents Under Seal*, the government requests that this Court allow for the sealing of the government's sentencing memorandum.

Under Local Rule 49.01(B), the party seeking to file under seal shall (a) identify with specificity the documents or portions thereof for which sealing is requested; (b) state the reasons sealing is necessary; (c) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (d) address the factors governing sealing of documents reflected in controlling case law. The Rule also requires (1) an accompanying (a) non confidential descriptive index of the documents at issue and (b) counsel's certification of compliance with this rule; and (2) a separately sealed attachment labeled "Confidential Information to be Submitted to the Court in Connection with Motion to Seal" submitted with the motion. This attachment shall contain the documents at issue for the court's *in camera* review and shall not be filed.

### I.     The Documents for Which Sealing is Requested, 49.01(b)(1)(a).

The government's sentencing memorandum is being filed in anticipation of a June 10, 2019 sentencing.

1

### II.     The Reasons Why Sealing is Necessary, 49.01(B)(1)(b).

The government's motion contains information about juvenile conduct, which is generally considered confidential.  *See* 18 U.S.C. § 5038 (a)("Throughout and upon the completion of the juvenile delinquency proceeding, the records shall be safeguarded from disclosure to unauthorized persons"); SC Ann § 63-19-2010 (making juvenile court documents confidential).

### III.    Why Less Drastic Alternatives Will Not Afford Adequate Protection, 49.01(B)(1)(c).

Redacting the government's filing will not completely obscure the content of the filing, or the filing will be redacted to the extent that it is effectively sealed regarding the juvenile conduct. The filing also links defendant's prior conduct to his current conviction so that other information in the filing may reveal the nature of the juvenile conduct.

### IV.    Factors Governing Sealing Documents, 49.01(B)(1)(d).

Under the First Amendment, the public has a right, though not an unlimited one, of access to pre-trial criminal proceedings. *In re Time*, 182 F.3d 270, 271 (4th Cir. 1999). In essence, the Court must determine whether the sealing of the documents serves a compelling interest and is narrowly tailored to that interest.  *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  In making that determination, this Court must follow the procedures set forth in *In re Charlotte Observer*, 882 F.2d 850, 852 (4th Cir. 1989). "That is, the court must (1) provide public notice that the sealing of documents may be ordered, (2) provide interested persons an opportunity to object before sealing is ordered, (3) state the reasons, supported with specific findings, for its decision if it decides to seal documents, and (4) state why it rejected alternatives to sealing." *In re Time*, 182 F.3d at 271.  See also *Ashcraft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

In this case, as outlined earlier, there are specific reasons that mandate sealing in this instance, particularly the disclosure of juvenile conduct.

2

For the above reasons the Court should seal the government's sentencing memorandum.

Respectfully submitted,

Respectfully submitted,
SHERRI A. LYDON
UNITED STATES ATTORNEY

By: s/Nathan Williams
NATHAN S. WILLIAMS (ID#10400)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
843-727-4381

June 5, 2019

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) ) ) ) | Criminal No. 2:17-CR-283 |
| **v.** | | |
| **ZAKARYIA ABDIN** | | |

## LOCAL RULE 49.01(B)(2) INDEX AND CERTIFICATE

The government has requested that certain documents be filed under seal in this case. Local Rule 49.01(B)(2) requires that the government file a descriptive index of the items sought to be filed under seal and a certificate of compliance with Rule 49.01.

**I.  Descriptive Index**

a.  An eight page sentencing memorandum.

**II.  Certificate of Compliance**

a.  The undersigned certifies that he has complied with the requirements for requesting sealing as set forth in Local Rule 49.01.

        Respectfully submitted,

        SHERRI A. LYDON
        UNITED STATES ATTORNEY

By:  s/Nathan Williams
      NATHAN S. WILLIAMS (ID#10400)
      Assistant United States Attorney
      151 Meeting Street, Suite 200
      Charleston, SC 29401
      843-727-4381

June 5, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 2:17-CR-283 |
| | ) | |
| **v.** | ) | |
| | ) | **UNDER SEAL** |
| **ZAKARYIA ABDIN** | ) | |
| | ) | |

## SEALED ATTACHMENTS

Pursuant to Local Rule 49.01(B)(4), the government submits this document as reference to one item it will provide as attachments to this document, specifically the required "Confidential Information to be Submitted in Connection with Motion to Seal." The particular document is the government's sentencing memorandum.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

By:  s/Nathan Williams
 NATHAN S. WILLIAMS (ID#10400)
 Assistant United States Attorney
 151 Meeting Street, Suite 200
 Charleston, SC 29401
 843-727-4381